IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RICHARD SINGLETON, ET AL., § | |
|     Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 2-06-CV-222 (TJW) |
| § | |
| VOLKSWAGEN OF AMERICA, INC., ET AL., § | |
|     Defendants. § | |

## MEMORANDUM ORDER

Before the Court are Defendants' Motion to Stay (#66) and Plaintiffs' Motion to Compel (#55). After considering the parties' submissions and arguments, the defendants' motion to stay is DENIED and the plaintiffs' motion to compel is GRANTED as set forth below.

### I.   Factual Background

This products liability action arises out of alleged injuries sustained by the plaintiffs as the result of an automobile accident. On May 21, 2005, the plaintiffs were in a 1999 Volkswagen Golf being driven by Ruth Singleton when it was struck in the rear by a 1999 Chrysler 300 driven by Colin R. Little. As a result of the impact, the Volkswagen Golf spun around and struck the rear of a parked, flat-bed trailer. The two passengers in the Volkswagen, Richard and Mariana Singleton, received serious injuries. Mariana Singleton died after being transported to a hospital. The plaintiffs contend that the defendants, Volkswagen of America, Inc. and Volkswagen, A.G. (collectively, "VW") are responsible for their injuries as a result of the alleged defective design of the passenger seat and seat assembly of the 1999 Volkswagen Golf.

### II.   Motion to Stay

The defendants request that this Court stay all discovery and proceedings until after the

resolution of the Petition for Writ of Mandamus pending before the United States Court of Appeals for the Fifth Circuit, which is set for oral argument in July. VW acknowledges that any relevant information produced during discovery will be necessary to prepare this case for trial regardless of whether this case remains in this Court or is transferred to the Northern District of Texas. Accordingly, the motion to stay is DENIED.

### III. Motion to Compel

The plaintiffs request the production of twelve specific items. In their response, the defendants have agreed to produce a majority of those items or have stated that no such items exist. There are, however, two remaining issues for this Court to address. First, the plaintiffs request information related to the seat at issue in this case for all other models of vehicles manufactured by VW. Second, the plaintiffs request information related to VW's U.S. Patent No. 6,062,642 ("the '642 patent").

#### A. Other Model Vehicles

The defendants argue that this information is not relevant because other vehicles have different rear structures that respond differently to a rear crash. Notwithstanding the defendants' arguments, the Court finds that, at a minimum, the defendants' knowledge of the seat in question, prior to the manufacture date of the plaintiffs' vehicle, is relevant.

The Court orders that VW produce all information regarding the seat in question for all its models of vehicles prior to the manufacture date of the plaintiffs' Volkswagen Golf. This includes, but is not limited to, documents, correspondence, drawings, submissions to governmental agencies, videos, images, reports, studies, standards, testing, and other similar documentation.

### B. U.S. Patent No. 6,062,642

VW argues that information related to the '642 patent is not relevant because it was not issued until May 16, 2000, after the car was manufactured. VW's argument is incorrect. One knowledgeable in the law would understand that the date of filing of the application is the controlling date for relevancy in this case because the invention must be disclosed on that date. *See* 35 U.S.C. § 132; *In re Oda*, 443 F.2d 1200, 1203-04 (CCPA 1971). The application for the '642 patent was filed on April 2, 1998, prior to the date that the plaintiffs' vehicle was manufactured. The Court, therefore, finds that information related to the '642 patent is relevant in this case.

The defendants' counsel has represented that VW has no documents with respect to the invention described in the '642 patent other than what is in the possession of Baker Botts, L.L.P., the law firm who represented the inventors in prosecuting this patent.

The Court orders Defendant to direct Baker Botts to produce all portions of the file history for the '642 patent in its possession. The Court further orders VW to produce any agreements between VW and the inventors of the '642 patent. VW is ordered to produce any documents related to the '642 patent that it has access to or control over, whether directly or indirectly. Excepted from this order are those documents identified as privileged by Baker Botts in the privilege log furnished to counsel for Plaintiff.

### C. Scope and Timing of Production

This order for production covers all electronically stored information as well as information that is maintained in paper copy. The production will be completed within 21 days from the date of this order.

SIGNED this 25th day of May, 2007.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE